Dear Mr. Daigle:
On behalf of the St. Landry Parish Police Jury and St. Landry Parish Public Works Districts you have requested the opinion of this office on whether St. Landry Parish Ordinance 2002 #3, Sec. 2-1(b)(7) prohibits a Police Juror who donates his time in a Public Works District from personally operating equipment owned by the Public Works District.
St. Landry Parish Ordinance 2002 #3, Sec. 2-1(b)(7) reads as follows:
 No Person, including any St. Landry Parish Police Juror, shall perform work for the St. Landry Parish Police Jury, or operate equipment owned or leased by the St. Landry Parish Police Jury unless: (A) That person is an employee of the St. Landry Parish Police Jury, or (B) That person is authorized to do so by the St. Landry Parish Police Jury through a Cooperative Endeavor Agreement or by Contract. (Emphasis Added).
The St. Landry Parish Public Works Districts are separate corporate political subdivisions of the State, created under the authority of the Legislature. LSA-R.S. 48:602A.(1) provides that "the registered voters of each police jury district in St. Landry may propose the creation and implementation of the public works districts in each police jury district in the parish." LSA-R.S. 48:602 F. provides that "Each district shall be considered a political subdivision of the state, and is granted and shall have all the powers necessary to construct, acquire, operate, and maintain roads, bridges, and drainage facilities in the district which it is appointed for, and without limitation, shall have all the rights, powers, and authority enumerated for public works districts in Part II of Chapter 2 of Title 48." Pursuant to this authority the St. Landry Parish Public Works Districts were proposed and created.
Given this historical background, we now turn to the following rules of statutory interpretation and construction which we believe are applicable to the issue presented.
LSA-C.C. Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 LSA-C.C. Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
 R.S. 1 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the word "may" is permissive.
St. Landry Parish Ordinance 2002 #3, Sec. 2-1(b)(7) clearly states that the prohibited conduct relates only to the operation of equipment owned or leased by the St. Landry Parish Police Jury. The opinion request concedes that the St. Landry Parish Public Works District owns the equipment at issue and not the Police Jury. Guided by the rules of statutory interpretation and construction noted above, we find the provisions of the Ordinance 2002 #3, Sec. 2-1(b)(7) to be clear and unambiguous. The ordinance would not apply and therefore would not prohibit a Police Juror from operating equipment owned by the Public Works District.
The St. Landry Parish Public Works Districts are public entities separate and apart from the St. Landry Parish Police Jury and are authorized to own equipment for the construction and maintenance of public works. It is therefore the opinion of our office that the St. Landry Parish ordinance prohibiting a police juror from operating equipment owned by the St. Landry Parish Police Jury is not applicable to a police juror who operates equipment owned by a Parish Public Works District.
We trust this answers your inquiry. Please let us know if we may be of any further assistance to you in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Released: December 9, 2002